IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RYAN, LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br><br>      Defendant. | CASE NO. 4:19-cv-4305<br><br>JUDGE _____ |

## ORIGINAL COMPLAINT

1. Ryan, LLC ("Ryan") files this Original Complaint against the U.S. Department of the Interior ("DOI") as follows.

### I.   NATURE OF ACTION

2. Ryan brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the DOI to issue a determination regarding Ryan's FOIA Request No. OS-2019-01298 (the "Request") and to promptly complete processing of the same.

3. The DOI is withholding records to which Ryan is entitled under the FOIA. The DOI's failure to provide a determination as to the Request in a timely manner or otherwise produce non-exempt responsive records on a rolling basis is a violation of the FOIA and of Congress's mandate for a transparent, accountable government.

### II.   PARTIES

4. Ryan, LLC is a private limited liability company headquartered in Dallas, Texas. Ryan provides an integrated suite of federal, state, local, and international tax services on a multi-jurisdictional basis, including tax recovery, accounting, consulting, advocacy, compliance, and

technology services. Ryan's expertise extends to a broad array of industries, including the oil and gas industry.

5. The U.S. Department of the Interior is an "agency" within the meaning of 5 U.S.C. § 552(f). The Office of Natural Resources Revenue ("ONRR") is a unit of the DOI that exercises royalty and revenue management functions.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), and pursuant to 28 U.S.C. § 1331, to review the DOI's failure to comply with the statutory deadline for making a determination in response to Ryan's FOIA Request.

7. Venue is proper in the Southern District of Texas because Ryan resides in this district with offices in Houston, Texas office. 28 U.S.C. 1391(e) (2012). Venue is also proper pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 703.

### IV. FACTUAL ALLEGATIONS

8. On September 10, 2019, Ryan submitted the Request to the DOI seeking access to the following:

> All ONRR (and as formerly known as Mineral Management Services or "MMS") communications, including electronic mails, instant messages, facsimiles, memoranda, internal messages, records of telephone conversations, and voicemails, relating to Ryan LLC or containing the term "Ryan," for the period January 1, 2014 through the present.[1]

9. By letter dated September 11, 2019, the DOI acknowledged receiving the Request on September 10th. The letter first assigned a tracking number to the Request: OS-2019-01298. The letter also stated that "[b]ecause we will need to search for and collect requested records from field facilities or other establishments that are separate from the office processing the request, we

---

[1] The Request specifically included a list of sixty (60) individuals that may have participated in such communications.

are taking a 10-day workday extension under *43 C.F.R. § 2.19*." The letter further indicated that for the same reason, the Request would be placed in the "Complex" processing track under 43 C.F.R. § 2.15.

10. On September 23, 2019, Ms. Tracey Fay wrote an email to one of Ryan's attorneys, Joseph Hummel, asking whether the search could be limited to "Ryan LLC," as opposed to just "Ryan." Ryan never agreed to this specific limitation, but agreed to certain other limitations in a phone call on October 2, 2019.[2]

11. Thereafter, several emails have been exchanged back and forth to discuss scoping and limitation of the search. However, at no point has Ms. Fay or any other representative of the DOI communicated to Ryan the date by which it can expect the Request to be finally determined or processed.

## COUNT I
## Violation Of The Freedom of Information Act, 5 U.S.C. § 552(a)(6)(A)(i)

12. Ryan hereby realleges and incorporates by reference paragraphs 1 through 11 of the Complaint as if set forth therein.

13. The FOIA requires an agency, in response to a records request, to make a determination and provide the requestor with the reasons for the determination within twenty (20) days (not including weekends and legal holidays). 5 U.S.C. § 552(a)(6)(A)(i) (2012). In "unusual circumstances," the agency may extend its response deadline by ten days by written notice to the requestor; if the agency needs a longer extension, it is required to first give the requestor an opportunity to narrow its request. *Id.* at § 552(a)(6)(B). If the agency fails to comply with these

---

[2] Ryan agreed that the search would exclude hits related to "Ryan Zinke," as well as any hits related to DOI employees using an email address with the first name "Ryan."

deadlines, a requestor is deemed by statute to have exhausted its administrative remedies and may immediately seek judicial review of the agency's failure to act. *Id.* at § 552(a)(6)(C)(i) (2).

14. To make a "determination," the agency must at least "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility and Ethics in Washington v. Federal Election Com'n,* 711 F.3d 180, 182-83 (D.C. Cir. 2013).  It is not enough that the agency express a future intention to produce non-exempt documents and claim its exemptions later. *Id.* at 185-86.

15. More than thirty (30) days (exclusive of weekends and legal holidays) have passed since the DOI received the Request.  The Request was submitted in accordance with the FOIA.

16. The DOI has not made a final determination with respect to the Request.  At no point has the DOI communicated whether it intends to claim exemptions related to the Request, or what kind of exemptions might apply to relevant documents.  Nor has the DOI ever informed Ryan of its right to appeal.  To date, Ryan has not received any records from the DOI in response to the Request.  As such, Ryan is caught in limbo due to the agency's indefinite delay; the agency's refusal to offer any kind of final determination simultaneously prevents Ryan from seeking an administrative appeal and from seeking judicial review. [3]  Fortunately, the legislature created a

---

[3] "Therein lies the Catch–22 that the agency seeks to jam into FOIA: A requester cannot appeal within the agency because the agency has not provided the necessary information. Yet the requester cannot go to court because the requester has not appealed within the agency. Although the agency may desire to keep FOIA requests bottled up in limbo for months or years on end, the statute simply does not countenance such a system, as we read the statutory text." *Citizens for Responsibility and Ethics in Washington,* 711 F.3d at 186-87.

remedy for this very problem: constructive exhaustion. Ryan has constructively exhausted its administrative remedies pursuant to the Request.[4] 5 U.S.C. § 552(a)(6)(C)(i) (2012).

## V.    **RELIEF REQUESTED**

17. WHEREFORE, Ryan respectfully requests that judgment be entered against the U.S. Department of the Interior and that this Court:

   a) Order the U.S. Department of the Interior to process FOIA Request No. OS-2019-01298 and to issue a final determination within ten (10) days (exclusive of weekends and legal holidays) of the date of the Order;

   b) Order the U.S. Department of the Interior to produce all responsive records promptly upon issuing its final determination on FOIA Request No. OS-2019-01298;

   c) Award Ryan's costs and reasonable attorney's fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

   d) Grant such other relief as the Court deems appropriate.

---

[4] Should the DOI demonstrate that exceptional circumstances exist and that the agency is exercising due diligence in responding to the Request, Ryan would ask the Court to retain jurisdiction under 5 U.S.C. § 552(a)(6)(C)(i) until such time as the DOI has completed its review of the records and complied with its obligations under FOIA by issuing a final determination on the Request.

Date: November 1, 2019

                                                                     Respectfully submitted,

/s/ *Bryan S. Dumesnil*
Bryan Dumesnil
*Attorney-In-Charge*
Texas State Bar No. 00793650
Southern District No. 20999
BRACEWELL LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2781
(713) 221-1520 Telephone
(800) 404-3970 Facsimile
bryan.dumesnil@bracewell.com

Of Counsel:

Jason Hutt
BRACEWELL LLP
2001 M Street, NW, Suite 900
Washington, DC 20036-3389
(202) 828-5800 Telephone
(800) 404-3970 Facsimile
jason.hutt@bracewell.com

Kevin Collins
Texas State Bar No. 24050438
Southern District No. 826855
BRACEWELL LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701-4061
(512) 494-3640 Telephone
(800) 404-3970 Facsimile
kevin.collins@bracewell.com

**Pro Hac Vice Motion to be submitted**

**Attorneys for Plaintiff Ryan, LLC**

#6067781.1