IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RYAN, LLC,** | § | **CASE ACTION NO.** |
| | § | **4:19-cv-4305** |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | **JUDGE CHARLES ESKRIDGE** |
| | § | |
| **U.S. DEPARTMENT OF THE INTERIOR,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## DEPARTMENT OF INTERIOR'S MOTION TO DISMISS

Defendant, U.S. Department of Interior ("DOI"), moves for dismissal pursuant to FRCP 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff ("Ryan") failed to exhaust its administrative remedies because it did not file a proper FOIA request. In support of this Motion, DOI respectfully states as follows:

## NATURE AND STAGE OF PROCEEDINGS

On September 10, 2019, Plaintiff, Ryan LLC ("Ryan") submitted a Freedom of Information Act ("FOIA") request to the Office of Natural Resources Revenue ("ONRR") within DOI seeking access to the following:

> All ONRR (and as formerly known as Mineral Management Services or "MMS") communications, including electronic mails, instant messages, facsimiles, memoranda, internal messages, records of telephone conversations, and voicemails, relating to Ryan LLC or containing the term "Ryan," for the period January 1, 2014 through the present.

*Docket Entry 1.* This sweeping request required the production of every single mention of

the plain term "Ryan" across all ONRR communications over the course of six (6) years without any particularity as to desired subject matter relating to the word "Ryan"; without narrower search terms such as "Ryan LLC"; without specific date rages in which "Ryan" was more likely to appear; and without a list of identified employees that may have communicated using the word "Ryan." Absent any additional guidance as to the types of substantive material the agency should exclude or include, *every* reference to the word "Ryan" became "responsive" to the FOIA request, generating 543,142 pages of material and Electronically Stored Information.

On September 23, 2019, ONRR Government Information Specialist, Tracey Fay, wrote to Joseph Hummel (Ryan Employee) via email, asking whether the search could be limited to "Ryan LLC," as opposed to just "Ryan." *Docket Entry 1, para. 10.* Ryan did not agree to this limitation, but agreed to exclude hits related to "Ryan Zinke," (former Secretary of Interior) as well as any hits related to DOI employees using an email address with the first name "Ryan." *Id.*, *para. 10.* Thereafter, several emails [were] exchanged back and forth to discuss "scoping and limitation of the search". *Id. para. 11.*

On November 1, 2019, Ryan filed its Original Complaint against DOI for alleged non-compliance under FOIA. *Id.* In the Complaint, Ryan argued that this case was ripe for judicial review because it had constructively exhausted its administrative remedies. On June 29, 2020, Ryan filed a Motion for Leave to Amend Complaint. *Docket Entry 13.* Since that time, DOI has been diligently offering suggestions to help limit the search to an acceptable scope while also producing responsive email documents at a rate of approximately 700 pages per month, a concession to Plaintiff's objection to the standard

2

production schedule of 500 pages per month. *Docket Entry 13.* In conjunction with each production, DOI sends letters to Ryan explaining any redactions that may have been asserted and providing the legal basis for these redactions under the mandates of the FOIA.

On June 29, 2020, Ryan filed a Motion for Leave to Amend Complaint. *Docket Entry 13.* Ryan seeks leave to file its First Amended Complaint to "(1) challenge the DOI's misapplication of exemptions and improper application of redactions in violation of the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B); (2) seek judicial review of the agency's misuse of exemptions under 5 U.S.C. § 552(b); and (3) request that the DOI submit a *Vaughn* Index as to each responsive record that has been withheld or otherwise redacted in response to the Request." *Id.*

Defendant now files this Motion to Dismiss under FRCP 12(b)(6) for Plaintiff's failure to exhaust administrative remedies given their unreasonably broad FOIA request.

## ISSUES

1. Should Ryan's complaint be dismissed because it did not submit a perfected FOIA request?

2. Does this Court have jurisdiction if Ryan failed to exhaust administrative remedies because it did not provide DOI with a perfected FOIA request that "reasonably" described the records sought?

## STANDARD OF REVIEW

Under Rule 12(b)(6), defendant may assert the defense of "failure to state a claim upon which relief can be granted." Review is generally limited to the contents of the complaint and matters properly subject to judicial notice. *See Tellabs, Inc. v. Makor Issues*

*& Rights, Ltd.*, 551 U.S. 308, 322 (2007). To survive a Rule 12(b)(6) motion, a Complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* A plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

### I. THE COMPLAINT SHOULD BE DISMISSED BECAUSE RYAN HAS NOT SUBMITTED A PERFECTED FOIA REQUEST

"FOIA does not mandate that [agencies] comply" with all requests they receive for records." *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978). Rather, a party which seeks access to documents under FOIA must submit to a federal agency a "valid" or "perfected" request. *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002). An agency's duties under FOIA are triggered "only once [the] agency has received a proper FOIA request." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 185 n.3 (D.C. Cir. 2013). Compliance with both FOIA *and* agency FOIA regulations is necessary before the agency can release the requested documents. 5 U.S.C. § 552(a)(3); 43 C.F.R. § 2.3 *et seq*.

#### A. Ryan's Document Request Does Not Comply with FOIA Because It Does Not Reasonably Describe the Records Sought.

Under the FOIA, a request must (i) "reasonably" describe the records sought and

4

(ii) comply with any "published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). Pursuant to the Act, DOI has promulgated regulations that detail the rules and procedures that must be followed by persons requesting DOI records. *See* 5 U.S.C. § 552(a)(1). DOI's obligation under FOIA begins only upon receipt of a valid request—that is, one that complies with all of the requirements set out in 43 C.F.R. § 2.3 *et seq.*; *see Voinche v. Dep't of Air Force,* 983 F.2d 667, 669 n. 5 (5th Cir.1993).

> DOI's regulations require that FOIA requests must be reasonably detailed:
>
>> (a) You must reasonably describe the records sought. A reasonable description contains sufficient detail to enable bureau personnel familiar with the subject matter of the request to locate the records with a reasonable amount of effort.
>> (b) You should include as much detail as possible about the specific records or types of records that you are seeking. This will assist the bureau in identifying the requested records (for example, time frames involved or specific personnel who may have the requested records). For example, whenever possible, identify: (1) The date, title or name, author, recipient, and subject of any particular records you seek; (2) The office that created the records you seek; (3) The timeframe for which you are seeking records; and (4) Any other information that will assist the bureau in locating the records.

43 C.F.R. § 2.5. To determine whether a request is "reasonably detailed," the linchpin inquiry is whether "the agency is able to determine precisely what records are being requested." *Tax Analysts v. IRS,* 117 F.3d 607, 610 (D.C.Cir.1997) (quoting *Yeager v. DEA,* 678 F.2d 315, 326 (D.C.Cir.1982)). The agency is "not obliged to look beyond the four corners of the request for leads to the location of responsive documents." *Kowalczyk v. Dep't of Justice,* 73 F.3d 386, 389 (D.C.Cir.1996). Broad, sweeping requests lacking specificity are not sufficient. *Am. Fed'n of Gov't Employees, Local 2782 v. Dep't of*

5

*Commerce,* 632 F. Supp. 1272, 1277 (D.D.C.1986). Further, requests for all documents containing a petitioner's name are not "reasonably specific." *See Keese v. United States,* 632 F. Supp. 85, 91 (S.D.Tex.1985). A description is only sufficient if it "enable[s] a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Marks,* 578 F.2d at 263 ; *see also Dale,* 238 F. Supp. 2d at 104. This "professional-employee test" is an objective test, and courts are equipped to make this determination by resorting to the FOIA request alone. *See Dale,* 238 F. Supp. 2d at 105 (noting that document request was deficient "on its face").

### B. Ryan Has Not Identified the Documents Requested with Sufficient Precision.

Ryan's request fails to comply with the Agency's FOIA regulations and is deficient on its face because it does not reasonably describe the records sought. *See Dale*, 238 F. Supp. 2d at 104-105; *Keese*, 632 F. Supp. at 85. In Ryan's FOIA request dated September 10, 2019, Ryan sought "all" "communication" "relating" to "Ryan LLC" or that "contain" the term "Ryan":

> **All** ONRR (and as formerly known as Mineral Management Services or "MMS") **communications**, including electronic mails, instant messages, facsimiles, memoranda, internal messages, records of telephone conversations, and voicemails, **relating** to **Ryan LLC** or **containing** the **term "Ryan,"** for the period January 1, 2014 through the present.

*Docket Entry 1(emphasis added).* This request, which asks for all documents containing the common term "Ryan" does not describe the records sought with any modicum of specificity as to subject matter, particular custodians, or relevant search terms to enable a professional employee familiar with the subject areas to locate the records with a

6

reasonable amount of effort. The central issue is "whether 'the agency is able to determine precisely what records are being requested.'" *Dale,* 238 F. Supp. 2d at 104 (quoting *Tax Analysts v. IRS,* 117 F.3d 607, 610 (D.C. Cir. 1997). Clearly, DOI could not precisely identify what records were being request.

A professional employee making a reasonable effort would have no idea how to locate what Ryan is seeking. There is no mention of "specific personnel who may have the requested records" or "subject of any particular records" sought, nor does it name a specific ONRR "office that created the records," as required under Agency regulations. 43 C.F.R. § 2.5. Without this, DOI was required to cast a grand net for every single mention of the word "Ryan" over six (6) years of time, generating approximately 543,142 pages of material and Electronically Stored Information—an amount that would take just over ninety (90) years to produce at a pace of 500 pages per month.

This high number is due in part to the commonality of the word "Ryan" and the "false positives" that such a conventional name can produce when searching for responsive documents. Therefore, without more, the request on its face captured hundreds of thousands of hits on the word "Ryan" including (ultimately) irrelevant employees, public figures, newsletters, excel sheets, and calendar invitations. Such a request requiring decades of production time is too-broad, and is not reasonably specific under *Dale* or *Keese*. Simply put, Ryan's "search request amounted to an all-encompassing fishing expedition . . . at taxpayer expense," and for that reason should be dismissed for failure to exhaust administrative remedies. *Dale*, 238 F. Supp. 2d at 105.

### C. Ryan's Request is Impermissibly Overbroad.

7

It has been clear for many years that "broad, sweeping requests lacking specificity are not permissible" under FOIA.  *Marks,* 578 F.2d at 263.  Accordingly, courts have repeatedly held that FOIA requests for "*all*" documents concerning a requester are too broad. *See Mason v. Callaway,* 554 F.2d 129, 131 (4th Cir.1977) (overly broad FOIA requests typify the lack of specificity that Congress sought to preclude in the requirement . . . that records sought be reasonably described); *see also Hunt v. Commodity Futures Trading Comm'n,* 484 F. Supp. 47, 51 (D.D.C. 1979) (request for all documents concerning requester too broad); *Keese,* 632 F. Supp. at 91 ("Requests for all documents containing a requester's name are not reasonably specific as required by the FOIA.").  "[T]he rationale for this rule is that FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Assassination Archives & Research Ctr. v. CIA,* 720 F. Supp. 217, 219 (D.D.C.1989).

This Court should hold, as numerous courts considering less broad requests have held, that Ryan's overly broad document request would impose an unreasonable burden on DOI.  Following the submission of Plaintiff's FOIA request, DOI was prompted to send numerous emails to Ryan to negotiate and discuss proper "scoping and limitation of the search."  *Docket Entry 1, para. 11.*  Beginning on September 23, 2019, ONRR Government Information Specialist Tracey Fay wrote to Joseph Hummel (Ryan Employee) via email, asking whether the search could be limited to "Ryan LLC," as opposed to just "Ryan."  *Id., para. 10.*  Ryan never agreed to this limitation, but agreed to exclude hits related to "Ryan Zinke," as well as any hits related to DOI employees using an email address with the first name "Ryan." *Id.*

8

However, this modification merely excluded hits related to DOI employees. The FOIA request still remained overly broad and did not reasonably describe the records sought. For example, DOI has been forced to make hundreds of granular decisions like: would an email from ONRR's public affairs office containing news media regarding former Speaker of the House, Paul Ryan, be responsive because it "contains" the term "Ryan?" Manual exclusion of these types of results has led to the winnowing down of 543,142 pages over the past several months to 190,000 pages of Electronically Stored Information, but just as many questions exist as to what is "truly" responsive to the request.

This type of uncertainty makes the request too broad under the governing case law, and indeed, has placed the onus of non-production upon the recipient of the request (Defendant) rather than the person who drafted it (Plaintiff). *See Freedom Watch, Inc. v. U.S. Dept. of State,* 925 F. Supp. 2d 55, 61 (D.D.C. 2013) (holding request for " 'all' records that 'relate to' each subject area" "overbroad since life, like law, is 'a seamless web,' and all documents 'relate' to all others in some remote fashion"); s*ee also Massachusetts v. U.S. Dep't of Health and Human Servs.*, 727 F. Supp. 35, 36 n.2 (noting that a "request for all documents 'relating to' a subject . . . unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request"). Given the broad nature of the request, this case should be dismissed because Ryan has not submitted a perfected FOIA request.

## II.     RYAN HAS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES.

Even if Ryan's document request is found to be a proper FOIA request, its claim must still be dismissed for failure to exhaust administrative remedies. The FOIA requires

9

the requester to exhaust administrative remedies before filing suit. *Calhoun v. F.B.I.,* 546 Fed. Appx. 487, 490 (5th Cir. 2013). Should a requester fail to exhaust administrative, their suit should be dismissed for lack of jurisdiction. *See Voinche,* 983 F.2d at 669 n. 5; *Taylor v. U.S. Treasury Dep't,* 127 F.3d 470, 477 (5th Cir.1997). Exhaustion of administrative remedies is generally required before seeking judicial review in order that an agency have "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C.Cir.1990).

### A. Ryan Cannot Prove Any Extraordinary Circumstances to Excuse its Failure to Exhaust Administrative Remedies.

The jurisprudential exhaustion doctrine is a "long settled rule of judicial administration [which mandates] that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Taylor* 127 F.3d at 476. While courts have discretion in applying the jurisprudential exhaustion requirement, "the exercise of that discretion is circumscribed in that a court should only excuse a claimant's failure to exhaust administrative remedies in extraordinary circumstances." *Taylor,* 127 F.3d at 477. Traditional circumstances in which courts have excused a claimant's failure to exhaust administrative remedies include situations in which: "(1) the unexhausted administrative remedy would be plainly inadequate, (2) the claimant has made a constitutional challenge that would remain standing after exhaustion of the administrative remedy, (3) the adequacy of the administrative remedy is essentially coextensive with the merits of the claim (e.g., the claimant contends that the administrative

process itself is unlawful), and (4) exhaustion of administrative remedies would be futile because the administrative agency will clearly reject the claim." *Id.* Ryan cannot prove that any of these circumstances apply.

First, the unexhausted administrative remedy—the making of a FOIA request that complies with regulatory requirements—is not plainly inadequate. To the contrary, a proper FOIA request would entitle Ryan to receive the documents that were requested to the extent that they fall within FOIA's disclosure requirements. Second, Ryan has made no constitutional challenge. Third, Ryan has not challenged the lawfulness of the FOIA regulations with which its request failed to comply. Fourth, Ryan has not demonstrated that submission of a proper request would be futile because it has offered no basis upon which to conclude that DOI would deny a properly formulated request. In sum, Ryan cannot point to any circumstances that warrant excepting it from the general rule that it must exhaust the administrative remedies available before seeking judicial relief.

## B. Ryan Has Not Constructively Exhausted its Administrative Remedies.

Ryan's failure to reasonably describe the records sought dictates that Ryan did not "constructively exhaust" all administrative remedies, warranting dismissal. *See Voinche,* 983 F.2d at 669 n. 5. Ryan contends that jurisdiction is proper because it constructively exhausted administrative remedies when DOI failed to comply with the administrative deadlines. *Docket Entry 1.* Yet, this argument fails because whether or not an agency has met or exceeded its statutory time period for making a determination on a request, courts have refused to allow plaintiffs to argue a theory of "constructive exhaustion" when they have failed to comply with the necessary requirements of the administrative FOIA process,

11

including failing to reasonably describe the records sought. *See, e.g.*, *Gillin v. I.R.S.*, 980 F.2d 819, 822-23 (1st Cir. 1992); *Vest v. Department of Air Force*, 793 F. Supp. 2d 103, 113 (D.D.C. 2011) (finding failure to exhaust because requester's unperfected request did not trigger agency's obligations to provide appeal rights under FOIA); *Latham v. U.S. Dept. of Justice*, 658 F. Supp. 2d 155, 161 (D.D.C. 2009) (holding that requester did not reasonably describe records sought and therefore requester "has not submitted a proper FOIA request [and] has not exhausted his administrative remedies"); *Keys v. Department of Homeland Sec.*, 2009 WL 614755, *5 (D.D.C. 2009) (holding that plaintiff failed to exhaust administrative remedies because plaintiff did not reasonably describe records sought by not responding to EOUSA's request that he identify specific offices to be searched); *see also Voinche,* 983 F.2d at 669 n.5 (concluding that administrative remedies on fee waiver request were not exhausted when requester failed to amend request to achieve specificity required by agency regulations).

Further, Ryan readily admits that "[t]he problem is that the current search protocol has yielded *approximately 190,000 pages* of Electronically Stored Information, meaning that at this pace the DOI's review and production could last *more than a decade." Docket Entry 13, para. 1* (emphasis in original). Ryan attempts to shift the blame to DOI under the veil of DOI's rate of production (500 pages a month) in an apparent effort to conceal the real issue,their overly broad FOIA request. Yet, the problem is not DOI's rate of production. Rather, the untenable page count is a direct result of Ryan's overly broad request. Ryan failed to comply with DOI's suggestions that it modify its search protocol to reasonably describe the records sought. And, Ryan failed to include as much detail as

12

possible about the specific records or types of records that they were seeking. If an agency's response to a FOIA request calls for "an unreasonably burdensome search," the agency need not honor the request. *Am. Fed'n of Gov't Employees, Local 2782* , 632 F.Supp. at 1278 (citing *Goland v. CIA*, 607 F.2d 339, 353 (D.C. Cir. 1978)).

In its Motion for Leave to Amend Complaint, Ryan now urges the Court to "consider Ryan's objections to the DOI's exemptions as they are asserted . . ." so that Ryan can have "sufficient information to meaningfully modify the search protocol." *Id., para. 5.* However, Ryan's offer to modify the scope of its request is "insufficient to avoid dismissal; a contrary result would overlook agency administrative procedures for that very purpose and encourage litigating by crying wolf…." *Freedom Watch, Inc.,* 925 F. Supp. 2d at 62. Ryan is arguably using the district court proceedings as a fishing expedition. The Fifth Circuit has cautioned that an agency "isn't required to let requesters browse through entire files or large series of records to find a record that they then 'identify.'" *Voinche,* 983 F.2d at 669 n. 5. By their own admission, Ryan's search protocol failed to "reasonably describe the records sought." As such, Ryan has failed to exhaust its administrative remedies and should be precluded from arguing constructive exhaustion. Therefore, Plaintiff's suit should be dismissed for failure to exhaust administrative remedies.

## CONCLUSION

For these reasons, Plaintiff's complaint should be dismissed with prejudice. Defendant requests all other relief at both law and equity to which they may be entitled.

Respectfully submitted,

PATRICK K. RYAN
United States Attorney

By: s/ *Elizabeth F. Karpati*
ELIZABETH F. KARPATI
Assistant United States Attorney
State Bar No. 00794069
SDTX: 20567
1000 Louisiana, Suite 2300
Houston TX 77002
(713) 567-9767 (PHONE)
(713) 718-3303 (FAX)
Email: Elizabeth.Karpati@usdoj.gov
**Attorney for Defendant**

## CERFICATE OF WORD COUNT

Excluding the caption, signature block, and certificates, this document contains 3,589 words.

*s/ Elizabeth F. Karpati*
ELIZABETH F. KARPATI
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 11, 2020, the undersigned discussed DOI's proposed Motion to Dismiss (the "Motion") with Ryan's counsel. Mr. Dumisnil indicated that Ryan is OPPOSED to the Motion.

*s/ Elizabeth F. Karpati*
ELIZABETH F. KARPATI
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2020, a true and correct copy of the foregoing was served by the Court's CM/ECF noticing system on the parties registered to receive such service.

*s/ Elizabeth F. Karpati*
ELIZABETH F. KARPATI
Assistant United States Attorney