# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **RYAN, LLC,** | § | **CASE ACTION NO.** |
| | § | **4:19-cv-4305** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **JUDGE CHARLES ESKRIDGE** |
| | § | |
| **U.S. DEPARTMENT OF THE INTERIOR,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

JENNIFER B. LOWERY
Acting United States Attorney

By:     *s/ Elizabeth F. Karpati*
ELIZABETH F. KARPATI
Assistant United States Attorney
State Bar No. 00794069
SDTX: 20567
1000 Louisiana, Suite 2300
Houston TX 77002
(713) 567-9767 (PHONE)
(713) 718-3303 (FAX)
Email: Elizabeth.Karpati@usdoj.gov

Attorney for Defendant

# **TABLE OF CONTENTS**

TALE OF AUTHORITIES ........................................................................ iii

FACTUAL AND PROCEDURAL BACKGROUND ............................................1

ISSUES ...........................................................................................4

SUMMARY OF ARGUMENT ................................................................5

STANDARDS OF REVIEW ...................................................................6

    1.   Rule 12(b)(6) ..........................................................................6
    2.   Rule 56 ...............................................................................7

MOTION TO DISMISS ........................................................................8

    A.  Ryan Failed to Exhaust Administrative Remedies. .........................8
    B.  Ryan Cannot Prove Any Extraordinary Circumstances to Excuse its Failure to Exhaust Administrative Remedies ....................................11
    C.  Ryan Has Not Constructively Exhausted its Administrative Remedies .......12

MOTION FOR SUMMARY JUDGMENT ...................................................15

    A.  Ryan's Document Request Does Not Comply with the FOIA Because It Is Too Vague. ...........................................................................16
    B.  Ryan's FOIA Request is a Broad Sweeping Request That Lacks Specificity ..........................................................................17
    C.  Ryan's Request is Impermissibly Overbroad and Imposes Unreasonable Burdens on DOI ....................................................................19

CONCLUSION .................................................................................21

CERTIFICATE OF WORD COUNT .........................................................23

CERTIFICATE OF SERVICE ................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Fed'n of Gov't Employees, Local 2782 v. U.S. Dep't of Commerce*,
  907 F.2d 203 (D.C. Cir. 1990) ................................................................................16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................6

*Assassination Archives & Research Ctr., Inc. v. CIA*,
  720 F. Supp. 217 (D.D.C. 1989) ........................................................................ 9, 11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................6

*Bestor v. C.I.A.*,
  2005 WL 3273723 (D.D.C. Sept. 1, 2005) ...........................................................8

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ................................................................................................7

*Dale v. IRS*,
  238 F. Supp. 2d 99 (D.D.C. 2002) ............................................................... passim

*Evans v. U.S. Dep't of Interior*,
  135 F.Supp.3d 799 (N.D. Ind. 2015) ....................................................................14

*Freedom Watch, Inc. v. CIA*,
  895 F. Supp. 2d 221 (D.D.C. 2012) ................................................................ 8, 10

*Freedom Watch, Inc. v. U.S. Dep't of State*,
  925 F.Supp.2d 55 (D.D.C. 2013) .................................................................. 19, 20

*Halpern v. FBI*,
  181 F.3d 279 (2nd Cir. 1999) ...............................................................................20

*Harrison v. EOUSA*,
    377 F. Supp.2d 141 (D.D.C. 2005) ........................................................7

*Hudgins v. IRS*,
    620 F. Supp. 19 (D.D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987) ...............16

*Hunt v. Commodity Futures Trading Comm'n*,
    484 F. Supp. 47 (D.D.C. 1979)................................................................19

*James Madison Project v. CIA*,
    2009 WL 2777961 (E.D. Va. Aug. 31, 2009) ............................... 15, 16

Keese v. United Stes,
    632 F. Supp. 85 (S.D.Tex.1985)........................................................ 17, 18

*Kowalczyk v. Dep't of Justice*,
    73 F.3d 386 (D.C.Cir.1996)............................................................17

*Marks v. U.S. Dep't of Justice*,
    578 F.2d 261 (9th Cir. 1978) ..........................................................17

*Nat'l Sec. Counselors v. U.S. Dep't of Justice*,
    848 F.3d 467- (D.C. Cir. 2017) .................................................... 2, 3, 4

*Oglesby v. U.S. Dep't of the Army*,
    920 F.2d 57 (D.C.Cir.1990).......................................................... 8, 14

*Sack v. CIA*,
    53 F. Supp. 3d 154 (D.D.C. 2014)................................................. 9, 10

*SafeCard Servs., Inc., v. SEC*,
    926 F.2d 1197 (D.C. Cir. 1991)......................................................7

*Shapiro v. CIA*,
    170 F. Supp. 3d 147 (D.D.C. 2016) ..............................................18

*Stebbins v. Nationwide Mutual Ins. Co.*,
    757 F.2d 364 (D.C.Cir.1985)..........................................................6

*Tax Analysts v. IRS,*
    117 F.3d 607 (D.C.Cir.1997).................................................................16

*Taylor v. U.S. Treasury Dep't,*
    127 F.3d 470 (5th Cir. 1997) ........................................................ 11, 12

*Vest v. Dep't of Air Force,*
    793 F. Supp. 2d 103 (D.D.C. 2011) ...................................................13

*Weisberg v. U.S. Dep't of Justice,*
    627 F.2d 365 (D.C. Cir. 1980)............................................................7

*Wilbur v. CIA,*
    355 F.3d 675 (D.C.Cir.2004)...........................................................6, 8

*Wilson v. U.S. Dep't of Transp.,*
    730 F. Supp. 2d 140 (D.D.C. 2010) ....................................................9

**Statutes**

5 U.S.C. § 552 ......................................................................................4

5 U.S.C. § 552(a)(3)(A) .............................................................. 8, 10, 15

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................4, 6

Fed. R. Civ. P. 56 ...................................................................................5

Fed. R. Civ. P. 56(a)...............................................................................7

Fed. R. Civ. P. 56(c)(1)(A-B) ..................................................................7

**Regulations**

43 C.F.R. Part 2......................................................................................9

43 C.F.R. § 2.5 .............................................................................. passim

43 C.F.R. § 2.5(b) ...................................................................................9

43 C.F.R. § 2.58(a).................................................................................14

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **RYAN, LLC,** | § | **CASE ACTION NO.** |
| | § | **4:19-cv-4305** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **JUDGE CHARLES ESKRIDGE** |
| | § | |
| **U.S. DEPARTMENT OF THE** | § | |
| **INTERIOR,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

### DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), or in the alternative, for Summary Judgment pursuant to Rule 56.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2019, Plaintiff, Ryan, LLC ("Ryan"), submitted a Freedom of Information Act ("FOIA") request to the Office of Natural Resources Revenue ("ONRR") within DOI seeking access to the following:

> All ONRR (and as formerly known as Mineral Management Services or "MMS") communications, including electronic mails, instant messages, facsimiles, memoranda, internal messages, records of telephone conversations, and voicemails, relating to Ryan LLC or containing the term "Ryan," for the period January 1, 2014 through the present.

*Exhibit 1.* This request was, in all ways, sweeping and inexact. As described by Tracey Fay, the Defendant's Government Information Specialist assigned to this case and the sole ONRR FOIA employee, the only searchable keyword provided in the request was the highly common word "Ryan." *Id.* This required Ms. Fay—per agency regulations (43 C.F.R. § 2.5) and policy—to consider <u>all</u> ONRR communications containing the word "Ryan" over 5.5 years of time as potentially "responsive" to this request. *Id.* However, given the extraordinary likelihood of the word or name "Ryan" appearing in abundant contexts, Ms. Fay knew that the keyword "Ryan" *alone* would not "reasonably describe the records" (43 C.F.R. § 2.5) that Plaintiff *truly* sought—that is, records <u>relating to</u> Ryan, LLC the company.

Initial searches for the singular word "Ryan" captured 543,142 pages of electronic material, which, at a standard production pace of 500 pages a month would take approximately 90.5 years to produce. *See Nat'l Sec. Counselors v. U.S. Dep't of Justice,* 848 F.3d 467-471-72 (D.C. Cir. 2017)(policy of processing 500 pages per month "serves to promote efficient responses to a larger number of requesters). For this reason, Ms. Fay quickly initiated what would become a protracted and unfinished conversation with Plaintiff to better understand the scope of their request.

On September 23, 2019, Ms. Fay emailed Joseph Hummel (Ryan Employee) stating that the request needed to "be restructured a bit" and asked whether the search could be limited to "Ryan LLC," as opposed to just "Ryan," due to the exceedingly

high rate of "false positives" (e.g., hits such as former Interior Secretary Ryan Zinke and numerous other employees). *Id.* Ms. Fay also asked whether Ryan had considered additional search terms to reach a higher responsive rate within the volume of documents, just like Ryan's previous FOIA requests had included (e.g., keywords like "audit," "refund," and "denial letter," or by particular lease number, property, or meeting date). Ryan did not agree to this limitation or provide terms, and instead agreed to a list of 14 custodians and a search-string that would only exclude hits related to "Ryan Zinke," making clear that Ryan was "in no way [] limiting the broader request." *Exhibit* 1, para. 7. Thereafter, Ms. Fay continued to ask scoping questions about whether documents like debt notices or Application Request Forms—that each contained the word "Ryan"—were responsive, and each time Ryan indicated that they were not.

Days later, on November 1, 2019, Ryan filed its Original Complaint arguing that this case was ripe for judicial review because it had constructively exhausted its administrative remedies. *Docket Entry 1.* Despite this, DOI has diligently worked with Plaintiff since that time to offer suggestions that would help narrow the scope of documents to a universe producible in this lifetime. DOI has made nine substantive suggestions (*Exhibit* 1, paras. 44-59) and created a 100-entry random sample excel sheet of all emails captured to illustrate why "Ryan" was not a true indicator for responsiveness. DOI's diligent efforts reduced the original number of

documents by 70% to the page count DOI produces from today: 186,592. DOI has also conceded to a rate of 750 pages per month rather than its standard production schedule of 500 pages per month. *Id.* In response, rather than proffering its own suggestions, Ryan uses the Agency's well-accepted pace of production and lawful right to make line-by-line withholdings of privileged information as a strawman for what is ultimately a refusal to adjust an unperfected FOIA request. Further still, Ryan has overburdened the agency with mystifying changes to what it considers "responsive" (*Exhibit 1*, paras. 60-71), only confirming that Ryan has <u>not</u> "reasonably described" the records it seeks as it is required to under 43 C.F.R. § 2.5.

On March 12, 2021, Ryan filed its First Amended Complaint to (1) challenge the DOI's "misapplication of exemptions" in violation of the FOIA, 5 U.S.C. § 552; (2) seek judicial review of the agency's "misuse of exemptions"; and (3) request a *Vaughn* Index for each responsive record that has been redacted. *Docket Entry 30.* DOI seeks to Dismiss that Complaint or otherwise move for Summary Judgment based on the arguments laid out below.

## ISSUES

1.  Did Ryan exhaust administrative remedies when it failed to present DOI with a perfected FOIA request, thereby warranting dismissal under FRCP 12(b)(6)?

2.  Was DOI required to honor Ryan's FOIA request if it was never perfected

4

because it was too vague, overly broad, or lacked specificity, thus overburdening the agency to know precisely what records were being requested and making Summary Judgment appropriate under FRCP 56?

## SUMMARY OF ARGUMENT

1.  The Court should dismiss this case and remand it back to the Agency for Ryan's failure to exhaust administrative remedies. Exhaustion is a mandatory prerequisite to a lawsuit under the FOIA. Failure to submit a proper FOIA request constitutes failure to exhaust remedies. Ryan failed to submit a valid FOIA request *ab initio*, cannot prove extraordinary circumstances to permit its failure to exhaust administrative remedies, and without a perfected request cannot prove constructive exhaustion.

2. If the Court does not dismiss this case, it should grant Summary Judgment because DOI was not required to honor Ryan's FOIA request on the basis that it was never perfected. Ryan's FOIA request failed to reasonably describe the records sought because it was too vague, and it lacked specificity. Further, even if Ryan's request sufficiently described the records sought, DOI was not required to comply with an overly broad request that would impose an unreasonable burden upon the Agency.

## STANDARDS OF REVIEW

### 1. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a Complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.   A plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

By failing to allege or demonstrate exhaustion of administrative remedies under the FOIA, a plaintiff will fail under Rule12(b)(6) to state a claim upon which relief may be granted. *Stebbins v. Nationwide Mutual Ins. Co*., 757 F.2d 364, 366 (D.C.Cir.1985) ("[e]xhaustion of [administrative] remedies is required under the [FOIA] before a party can seek judicial review"); *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C.Cir.2004)("The purposes and policies underlying the exhaustion requirement are 'to prevent premature interference with agency processes, to give the parties and the courts benefit of the agency's experience and expertise and to compile an adequate record for review.'").

### 2.  Rule 56

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to demonstrate this, a party asserting a fact "must support that assertion by . . . citing to particular parts of materials in the record, including . . . declarations . . . or [by] showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A-B).

Summary judgment is especially appropriate for FOIA cases. *See Espino v. U.S. Dep't of Justice*, 869. F. Supp.2d 25, 27 (D.D.C. 2012); *Harrison v. EOUSA*, 377 F. Supp.2d 141, 146 (D.D.C. 2005). A defendant is entitled to summary judgment in a FOIA case if it can demonstrate that no material facts are in dispute. *See Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980). To meet its burden, a defendant may rely on "'relatively detailed and non-conclusory declarations.'" *Harrison*, 377 F. Supp.2d at 146, (*quoting SafeCard Servs., Inc., v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)). Those declarations are "accorded 'a presumption of good faith, which cannot be rebutted by 'purely speculative claims . . .'" *Id.*

## MOTION TO DISMISS

### A. Ryan Failed to Exhaust Administrative Remedies.

Ryan failed to submit a proper FOIA request, and this failure constitutes a failure to exhaust administrative remedies—a mandatory prerequisite to a lawsuit under the FOIA. *Dale v. IRS,* 238 F. Supp. 2d 99, 103 (D.D.C. 2002); *Wilbur*, 355 F.3d at 676. Exhaustion is generally required before seeking judicial review so that an agency has "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C.Cir.1990). Accordingly, an agency's "obligation under FOIA begins only upon receipt of a valid request." *Dale*, 238 F. Supp. 2d at 103. By failing to allege or demonstrate exhaustion of administrative remedies under the FOIA, Ryan has failed under Rule12(b)(6) to state a claim upon which relief may be granted. *Bestor v. C.I.A.*, 2005 WL 3273723, 3 (D.D.C. Sept. 1, 2005).

FOIA sets forth specific requirements for a valid request, including the requirement that a "request for records . . . *reasonably describe* [] such records." 5 U.S.C. § 552(a)(3)(A) (emphasis added). "[R]ecords are reasonably described 'if a professional employee of the agency familiar with the subject matter can locate the records with a 'reasonable amount of effort.'" *Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221, 228 (D.D.C. 2012) (citation omitted). In addition to the FOIA, to exhaust administrative remedies, a requester must also follow <u>all</u> agency regulations,

8

s*ee, e.g.*, *Wilson v. U.S. Dep't of Transp.,* 730 F. Supp. 2d 140, 151 (D.D.C. 2010), including DOI's FOIA Regulations at 43 C.F.R. Part 2, and the requirement to "include as much detail as possible about the specific records or types of records [the requester is] seeking." 43 C.F.R. §2.5(b).

As such, "it is the <u>requestor's responsibility</u> to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested." *Assassination Archives & Research Ctr., Inc. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989), *aff'd in pertinent part*, No. 89-5414, 1990 WL 123924 (D.C. Cir. Aug. 13, 1990)(citation omitted)(emphasis added). Notably, "[b]road, sweeping requests lacking specificity are not sufficient." *Sack v. CIA*, 53 F. Supp. 3d 154, 163 (D.D.C. 2014). Such requests are invalid because "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Assassination Archives*, 720 F. Supp. at 219.

Nor was FOIA intended to allow requesters to conduct a "fishing expedition" through agency files. *Dale*, 238 F. Supp. 2d at 104-05. Courts have rejected requests seeking vast amounts of material described in broad terms. *See, e.g.*, *Dale*, 238 F. Supp. 2d at 104 (holding that a request for "any and all documents, including but not limited to files, that refer or relate in any way to" the plaintiff "amounted to an all-encompassing fishing expedition of files at IRS," warranting dismissal).

Ryan's FOIA request fails on its face to reasonably describe the records sought under 5 U.S.C. § 552(a)(3)(A), the agency's regulations at 43 C.F.R. §2.5, and governing case law.  Ryan's request provided one singular keyword, "Ryan," which, given its commonality, unsurprisingly produced 543,142 pages of electronic material. This is the sort of "[b]road, sweeping request[] lacking specificity" that is "not sufficient" and warrants dismissal. *Sack*, 53 F. Supp. 3d at 163. More problematic still, Ms. Fay, a professional employee with over 22 years of experience in FOIA, continues to not be able to "locate the records" that are responsive to this request with a "reasonable amount of effort" given that the parameters on what Ryan considers responsive continue to change. *Freedom Watch, Inc,* 895 F. Supp. 2d at 228.

For example, as fully explained in her Declaration, Ryan has indicated to Ms. Fay that they want her to identify attachments "created" by Ryan so that they will not be "produced back to Ryan" (*Exhibit 1*, para. 63), even though these documents "relate to Ryan" and contain the word "Ryan." Later, Ryan instructed Ms. Fay that it will be asking for attachments referenced in emails on a "case-by-case basis." *Id.* para. 70.  Ryan has also instructed Ms. Fay to save "any email sent or received by anyone <u>with the first name Ryan</u> . . . in a separate e-folder for later" (*Id.* para. 69) even though the parties, very early on, made all efforts to filter out employees named Ryan as non-responsive. This has required Ms. Fay to dedicate an onerous amount

of effort to find a "responsive" needle in the haystack that Plaintiff created, and the sort of "fishing expedition" *Dale* prohibits. 238 F. Supp. 2d at 104-05.

This, in light of *Assassination Archives'* admonishment not to reduce agencies to "full time investigators" and the *requestor's* burden to frame requests with sufficient particularity demonstrates Plaintiff's failure to adhere to the FOIA and agency regulations, and thus failure to exhaust administrative remedies, warranting dismissal here.

### B. Ryan Cannot Prove Any Extraordinary Circumstances to Excuse its Failure to Exhaust Administrative Remedies.

The jurisprudential exhaustion doctrine is a "long settled rule of judicial administration [which mandates] that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Taylor v. U.S. Treasury Dep't,* 127 F.3d 470, 476 (5th Cir. 1997). While courts have discretion in applying the jurisprudential exhaustion requirement, "a court should only excuse a claimant's failure to exhaust administrative remedies in extraordinary circumstances." *Taylor,* 127 F.3d at 477. These "extraordinary circumstances" include situations where: "(1) the unexhausted administrative remedy would be plainly inadequate, (2) the claimant has made a constitutional challenge that would remain standing after exhaustion of the administrative remedy, (3) the adequacy of the administrative remedy is essentially coextensive with the merits of the claim (e.g., the claimant contends that the administrative process itself

11

is unlawful), and (4) exhaustion of administrative remedies would be futile because the agency will clearly reject the claim." *Id.*  Ryan cannot prove that any of these circumstances apply.

First, the unexhausted administrative remedy—the making of a FOIA request that complies with regulatory requirements—is not plainly inadequate. To the contrary, a proper FOIA request would entitle Ryan to receive the documents that were requested to the extent that they fall within FOIA's disclosure requirements. Second, Ryan has made no constitutional challenge. Third, Ryan has not challenged the lawfulness of the FOIA regulations with which its request failed to comply. Fourth, Ryan has not demonstrated that submission of a proper request would be futile because it has offered no basis upon which to conclude that DOI would deny a properly formulated request, especially given its successful submittal of other requests to the Agency. In sum, Ryan cannot point to any circumstances that warrant excepting it from the general rule that it must exhaust the administrative remedies available before seeking judicial relief.

### C. Ryan Has Not Constructively Exhausted its Administrative Remedies.

Ryan contends that jurisdiction is proper because it "constructively exhausted" administrative remedies when DOI failed to comply with administrative deadlines. *Docket Entry 1.*  Yet, this argument fails because whether or not an agency has met or exceeded its statutory time period for making a determination on

a request, courts have refused to allow plaintiffs to argue a theory of "constructive exhaustion" when they have failed to comply with the necessary requirements of the administrative FOIA process, including failing to reasonably describe the records sought. *Vest v. Dep't of Air Force*, 793 F. Supp. 2d 103, 113 (D.D.C. 2011) (finding failure to exhaust because requester's unperfected request did not trigger agency's obligations to provide appeal rights under FOIA).

Ryan has not constructively exhausted its administrative remedies given its failure to reasonably describe the records it seeks. Ryan readily admits that "[t]he problem is that the current search protocol has yielded *approximately 190,000 pages* . . .*,* meaning that at this pace the DOI's review and production could last *more than a decade.*" *Docket Entry 13, para. 1* (emphasis in original). Ryan attempts to shift the blame to DOI under the veil of DOI's rate of production as opposed to its refusal to pick up the mantle to further describe which documents of the 190,000 are most relevant to it. As Ms. Fay's Declaration makes clear, DOI helped reduce the initial universe of records by almost 70%, culling out immaterial newsletters, insignificant calendar invites, and "false positive" employees named Ryan. *Exhibit 1*, para. 59. It also showed Ryan via a random sample of all emails collected that certain time periods (1/2/14 – 3/2/17) were all, in the agency's estimation, non-responsive. *Id.,* para. 55.

Ryan further attempts to lay blame on the Agency's lawful withholdings and established policy to decline premature appeals. In its Amended Complaint, Ryan urges the Court to "consider Ryan's objections to the DOI's exemptions" each month so that Ryan can have "sufficient information to meaningfully modify the search protocol." *Id., para. 5.* In this way, Ryan is arguing that there is no way to suggest additional search terms with the existence of any redacted content.

However, Ryan's request for monthly appeals is both premature and proscribed by Agency policy. Regulations mandate that appeals must be received by the "FOIA Appeals Officer no later than 90 workdays from the date of the final response." 43 C.F.R. § 2.58(a). A response is considered "final" "if it includes: the agency's determination of whether or not to comply with the request; the reasons for its decision; and notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse." *Oglesby,* 920 F.2d at 65; *see also Evans v. U.S. Dep't of Interior,* 135 F.Supp.3d 799, 821 (N.D. Ind. 2015) ("A 'final response' for purposes of starting the appeal time limit is one that includes the agency's decision whether to comply with the FOIA request, the reasons for that decision, and a notice of the right to appeal that decision to the head of the agency").

The opportunity for Ryan to file an appeal challenging ONRR's exemption decisions does not open until ONRR issues a *final* response to the FOIA request— i.e., the final production of documents in the case. Ryan is attempting to appeal every

*interim* response ONRR produces that contains withholdings. This has never been permitted at the Agency and should not be for this case; it would not only vitiate Agency policy and practice but require a re-prioritization of Agency time and resources just for Ryan at the expense of other requesters.

Taken as a whole, Ryan failed to submit a perfected FOIA request and thus did not administratively or constructively exhaust its remedies here. Without exhaustion, this case should be dismissed with prejudice.

## MOTION FOR SUMMARY JUDGMENT

There is "no genuine dispute" as to any material fact here—Ryan has failed to reasonably describe the records it seeks, and thus Summary Judgment should be granted for the Defendant. Under the FOIA, a request must (i) "reasonably" describe the records sought and (ii) comply with any "published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). Pursuant to Agency regulations, "reasonably describe" means "as much detail as possible about the specific records or types of records that you are seeking" . . . [f]or example, the "date, title or name, author, recipient, and subject of any particular records you seek." *See* 43 C.F.R. § 2.5 *et seq.* Ryan has not complied with either the FOIA or DOI's regulations because it failed to reasonably describe the records sought.

Courts have identified three ways in which a FOIA request can fail to reasonably describe the records sought. *James Madison Project v. CIA*, 2009 WL

15

2777961, at 3 (E.D. Va. Aug. 31, 2009). First, the description may be too vague to allow the agency to determine precisely what records are being requested. *Id*. (citing *Hudgins v. IRS*, 620F. Supp. 19, 21 (D.D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987) ("[A]n agency is not required to have clairvoyant capabilities to discover the requestor's need.")). Second, "'[b]road sweeping requests lacking specificity are insufficient.'" *Id*. (quoting *Dale*, 238 F. Supp. 2d at 104). Third, even where a request sufficiently describes the records sought, an agency is not required to comply with a request so broad that it would impose an unreasonable burden upon the agency. *Id*. (citing *Am. Fed'n of Gov't Employees, Local 2782 v. U.S. Dep't of Commerce*, 907F.2d 203, 209 (D.C. Cir. 1990)).

Ryan's request fails to reasonably describe the records sought in all the ways courts have identified.  It is too vague to allow DOI to determine precisely which records are sought; it is a broad sweeping request lacking specificity; and it is so broad that it imposes unreasonable burdens on DOI.

## A. Ryan's Document Request Does Not Comply with the FOIA Because It Is Too Vague.

DOI's regulations require that FOIA requests must reasonably describe the records sought and be reasonably detailed.  43 C.F.R. § 2.5.  To determine whether a request is "reasonably detailed," the linchpin inquiry is whether "the agency is able to determine precisely what records are being requested." *Tax Analysts v. IRS,* 117

F.3d 607, 610 (D.C.Cir.1997). The agency is "not obliged to look beyond the four corners of the request for leads to the location of responsive documents." *Kowalczyk v. Dep't of Justice,* 73 F.3d 386, 389 (D.C.Cir.1996). A description is only sufficient if it "enable[s] a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Marks v. U.S. Dep't of Justice,* 578 F.2d 261, 263 (9th Cir. 1978); *see also Dale,* 238 F. Supp. 2d at 104.

Ms. Fay, a highly experienced professional employee, has been made to look beyond the four corners of the request each month she processes records as *Kowalczyk* forbids. *Id.* That the request is vague is evidenced by its complete lack of known, "specific personnel who may have the requested records," the "subject of any particular records" sought, or the specific ONRR "office that created the records." *Id.* Ryan's actions throughout the course of the case bolster this conclusion. On May 5, 2020, Ryan asked to reserve the right to cherry-pick any attachments referenced in emails that it wished to see on a "case-by-case basis"— acknowledging that the request was vague enough to create uncertainty about what documents were truly responsive thereby requiring unreasonable effort.

**B. Ryan's FOIA Request is a Broad Sweeping Request That Lacks Specificity.**

In the highly relevant Southern District of Texas case *Keese v. United States,* the court ruled that requests for all <u>documents containing a petitioner's name</u>

are not "reasonably specific"—all but deciding the very case here. 632 F. Supp. 85, 91 (S.D.Tex.1985). Ryan's FOIA request sought "all" "communication" "relating" to "Ryan LLC" or that "contain" the term "Ryan"—i.e., the petitioner's name. *Docket Entry 1*(emphasis added). Proving the value of a ruling like *Keese*, the name "Ryan" has been the 30th most popular male birth name in the United States over the past 100 years,[1] lending to the name's lack of specificity by way of its commonality.

Plaintiff's expansive request for its own name is distinguishable from the request at issue in *Shapiro v. CIA*, 170 F. Supp. 3d 147 (D.D.C. 2016). In *Shapiro*, plaintiff requested all records that "mentioned" Nelson Mandela. *Id.* at 154. The court found that plaintiff's request reasonably described the records sought "because compliance should involve virtually no guesswork:  A record is responsive if and only if it contains Mandela's name." *Id.*  The court contrasted the request in *Shapiro* to flawed requests for documents "pertaining to" or "relating to" a name. The court explained:

> The CIA cites a number of FOIA requests that were held not to reasonably describe the records sought.  But in most of those cases, the reviewing agency's task was anything but ministerial. . . Because a record may pertain to something without specifically mentioning it, the request's lack of clarity le[ft] the agency to guess at the plaintiff's intent . . . FOIA requests seeking documents that 'relate to' certain subjects have faltered for the same reason. So

---

[1] SOCIAL SECURITY ADMINISTRATION, *Top Names Over the Last 100 Years,* https://www.ssa.gov/oact/babynames/decades/century.html (last visited May 7, 2021).

when a defendant alleges that a FOIA request does not reasonably describe the records sought, there is a difference in kind between requests for documents that "mention" or "reference" a specified person or topic and those seeking records "pertaining to," "relating to," or "concerning" the same. FOIA's reasonable-description requirement does not doom requests that *precisely* describe the records sought, even if compliance might overwhelm an agency's response team.

*Id.* at 155; *see also Freedom Watch, Inc. v. U.S. Dep't of State*, 925 F.Supp.2d 55, 61 (D.D.C. 2013)(finding such a request "overbroad since life, like law, is 'a seamless web,' and all documents 'relate' to all others in some remote fashion). Here, Ryan not only lacks the distinctiveness of a name like "Nelson Mandela" to make this request reasonably specific, but doubly asks for documents that "relate to" its highly common name—creating *only* guesswork for the Agency.

### C. Ryan's Request is Impermissibly Overbroad and Imposes Unreasonable Burdens on DOI.

Ryan's FOIA request meets a final problem warranting Summary Judgment here: courts have repeatedly held that FOIA requests for "*all"* documents concerning a requester are too broad. *Hunt v. Commodity Futures Trading Comm'n,* 484 F. Supp. 47, 51 (D.D.C. 1979). Ryan's FOIA request clearly imposes an unreasonable burden on DOI under this standard.

Following the submission of Plaintiff's FOIA request, DOI sent numerous emails to Ryan to negotiate and discuss proper scoping and limitation of the search. *See Exhibit 1.* For example, prior to the Complaint, Ms. Fay asked whether the

search could be limited to "Ryan LLC," as opposed to just "Ryan" and whether Ryan would agree to any "supplemental search terms." *Id.*, paras. 7, 12).  Ryan did not agree to these limitations, and only agreed to exclude hits related to "Ryan Zinke," as well as any hits related to DOI employees using an email address with the first name "Ryan" (a limitation that was later walked back, para. 69). By Ryan's own admission: "in no way are we limiting the broader request." *Id.*, para. 20.

However, this modification merely excluded hits related to DOI employees. The FOIA request remained overly broad and placed the onus on DOI, rather than the requester, to manually exclude what were perceived as non-responsive results from 543,142 pages to 190,000. *See Freedom Watch, Inc. v. U.S. Dept. of State,* 925 F. Supp. 2d 55, 61 (D.D.C. 2013). Further, despite multiple opportunities, Ryan has consistently refused to narrow its request.  *Exhibit 1.* Ryan was obligated to do so at that time, not after they filed the instant Complaint. *Halpern v. FBI*, 181 F.3d 279, 289 (2nd Cir. 1999) ("Because Halpern did not respond to the request for clarification until after he filed his amended complaint, he lacked any grounds on which to plead that the FBI had failed to process the files.").  The dialogue associated with narrowing a FOIA request should take place between the requestor and the agency officials with knowledge of the records, not litigation counsel.

Ryan could have framed the request more narrowly and submitted subsequent requests based on information learned during the administrative phase. Instead, Ryan

made its request as broad as possible to avoid missing something—confirmed by communications forwarded to Ms. Fay (*Exhibit 1*, para. 67: "[t]he approach the Department has taken to Ryan's FOIA requests has been appalling . . . the Department's past behavior strongly suggests that additional limitations will likely lead to critical documents being excluded."). Congress did not intend for the burdens under the FOIA to be flipped in this way, nor for DOI to become clairvoyants.

In terms of both search and processing time, it is difficult to imagine a more burdensome request. It is not an exaggeration to suggest that if DOI were required to respond to Ryan's request for the next 20.7 years, it would re-prioritize resources to Ryan at the expense of other lawful FOIA requesters. *Exhibit 1,* para. 76. Therefore, on these grounds, the Court should grant Summary Judgment to the government.

## CONCLUSION

Defendant respectfully requests dismissal with prejudice, or, in the alternative, for summary judgment.

Respectfully submitted,

JENNIFER B. LOWERY
Acting United States Attorney

By:   *s/ Elizabeth F. Karpati*
ELIZABETH F. KARPATI
Assistant United States Attorney

21

State Bar No. 00794069
SDTX: 20567
1000 Louisiana, Suite 2300
Houston TX 77002
(713) 567-9767 (PHONE)
(713) 718-3303 (FAX)
Email:  Elizabeth.Karpati@usdoj.gov

Attorney for Defendant

OF COUNSEL:

Kasie M. Durkit
United States Department of the Interior
D.C. Bar No. 1616843
1849 C St. NW
Washington, D.C. 20240
(202)-208-3195 Telephone
kasie.durkit@sol.doi.gov

## <u>CERTIFICATE OF WORD COUNT</u>

Excluding the caption, signature block, and certificates, this document contains 4902 words.

*s/ Elizabeth F. Karpati*
ELIZABETH F. KARPATI
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 11, 2021, a true and correct copy of the foregoing was served by the Court's CM/ECF noticing system on the parties registered to receive such service.

*s/ Elizabeth F. Karpati*
ELIZABETH F. KARPATI
Assistant United States Attorney
